THE COURT: Again for the record this is the matter of Beatrice Martone, plaintiff versus Phyllis Guardiano-Neizwanger, defendant. This is an action brought by the plaintiff to quiet title by discharge of the lien placed on the property of 12 Quarry Village in Cheshire, Connecticut by the defendants.
In a matter such as this the burden is on the plaintiff to establish the allegations of the complaint by a fair preponderance of the CT Page 6428 evidence.
The Court wants to note that the decision in this matter in no way is based upon any testimony regarding the purported willingness of the real estate agent or agents to assume the burden of paying off the lien or discharge in said amount. The Court also reviewed its own notes and the pertinent law and concludes that it was rank hearsay. The Court has become persuaded that the plaintiff's failure to enter timely objections is based on her inexperience. At any rate the Court can take into consideration and give whatever weight it wishes to an any evidence, and will give no weight to any testimony regarding the purported willingness to assume the amount of the tax lien.
Having said that, the Court finds that the plaintiff has failed to establish her allegations by a fair preponderance of the evidence, and on the other hand, the defendants have established their second and third Special Defenses by a fair preponderance of the evidence; and the Court find that the general statute that governs that is Section 52-352a(a) as amended by Public Act 93-301 does not prohibit placing a lien on the subject property, and while it may prohibit enforcement of that lien at least up to an amount of the statutory exemption of seventy-five thousand dollars, it does not prohibit the placing of the lien on an exempt homestead property and the fact is there is no dispute that the defendants have not begun any process to satisfy the judgment lien. Although the lien was placed on the property, there has been no enforcement action to this time.
As to the third Special Defense, again with reference to the statute, the Court finds that under 52-352a(a) the homestead to a value of seventy-five thousand dollars is exempt. Any value in excess of seventy-five thousand dollars is not exempt. In this case the defendant has established to the Court's satisfaction that the fair market value was in the amount of one hundred fifty-five thousand dollars, and that a mortgage was consequently placed on the property, and the mortgage was in the range of sixty-seven to sixty-eight thousand dollars leaving an equity of eighty-three thousand dollars and subtracting seventy-five thousand dollars leaving some eight thousand dollars to satisfy any lien or claim well in excess of the amount claimed in this matter including the amount of the lien plus interest accruing to date. Therefore, the Court does find that the property is not exempt from the statute, from the lien imposed.
Additionally, the Court finds that the plaintiff has failed to establish damages in this matter. In any event the Court finds that the plaintiff has failed to meet her burden. Accordingly, judgment may enter in this matter in favor of the defendants, Phyllis Guardiano-Neizwanger CT Page 6429 and Jack Neizwanger against the plaintiff Beatrice Martone-Rosato as listed on the complaint.
Downey, J.